1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JERRY WAYNE DAVIS,                    CASE NO. CV F 03-5935 LJO SMS

12              Plaintiff,                 **ORDER ON PLAINTIFF'S MOTION TO**
                                           **VACATE SUMMARY JUDGMENT**
13        vs.                              (Docs. 67, 68.)

14   HANSFORD T. JOHNSON, Acting
     Secretary of the Department of the
15   Navy,

16              Defendant.
                                      /
17

18                              **INTRODUCTION**

19        In this employment discrimination action, plaintiff Jerry Wayne Davis ("Mr. Davis") seeks to

20   vacate summary judgment in favor of defendant Hansford T. Johnson, Acting Secretary of the

21   Department of Navy.[1]  This Court considered Mr. Davis' motion to vacate summary judgment on the

22   record and VACATES the July 10, 2007 hearing, pursuant to this Court's Local Rule 78-230(h).  For

23   the reasons discussed below, this Court DENIES Mr. Davis' motion to vacate summary judgment.

24                              **BACKGROUND**

25        On April 16, 2007, the Government filed its summary judgment motion that Mr. Davis'

26   employment discrimination claims are barred on grounds, among others, that Mr. Davis failed to pursue

27   ─────────────

28        [1]     Although the caption for this action indicates that the defendant is the Acting Navy Secretary, this Court
     will refer to the defendant as the "Government."

                                            1

1   timely and to exhaust administratively his claims.  In the absence of Mr. Davis' opposition to summary

2   judgment,[2] this Court vacated the May 21, 2007 hearing on the summary judgment motion and issued

3   its May 14, 2007 decision to grant the Government summary judgment in that the Government well

4   supported its summary judgment motion and demonstrated that it is entitled to judgment as a matter of

5   law.  This Court concluded that Mr. Davis alleges claims which he untimely pursued with this action,

6   failed to exhaust administratively, or are barred as a matter of law.  On May 14, 2007, this Court's clerk

7   entered judgment in favor of the Government and against Mr. Davis.

8        On May 24, 2007, Mr. Davis filed his motion to vacate summary judgment to address for the first

9   time the Government's summary judgment motion.  The next day, Mr. Davis filed corrected motion

10  papers.  With his papers and in the absence of this Court's leave to do so, Mr. Davis attempts to address

11  the merits of the Government's summary judgment grounds.  Mr. Davis' attorney claims that had he

12  known defense counsel would not agree to another continuance, he "would have caused a motion or ex

13  parte motion to be filed" before the summary judgment decision.  The Government responds that Mr.

14  Davis fails to substantiate requirements to reconsider or to vacate summary judgment and that Mr.

15  Davis' counsel fails to offer a "valid excuse for his failure to respond to the motion for summary

16  judgment."

17                                   **DISCUSSION**

18       Mr. Davis' papers make bear reference to F.R.Civ.P. 59 and 60.  F.R.Civ.P. 59(e) permits a

19  "motion to alter or amend a judgment . . . filed no later than 10 days after entry of the judgment."

20  F.R.Civ.P. 60(b) permits a court on "just" terms to "relieve a party or a party's legal representative from

21  a final judgment, order or proceeding . . ."  Despite the label "motion to vacate summary judgment," Mr.

22  Davis' papers are chiefly an untimely opposition to the Government's summary judgment motion, and

23  this Court construes Mr. Davis' motion to vacate summary judgment as such.

24       This Court's Local Rule 78-230(c) sets the deadline for motion opposition papers: "Opposition,

25  if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than

26  fourteen (14) days preceding the noticed (or continued) hearing date."  Here, the Government set a May

27

28       [2]        Mr. Davis' summary judgment opposition was due no later than May 7, 2007.

1  21, 2007 hearing date to render May 7, 2005 the absolute deadline for Mr. Davis' opposition papers.

2       F.R.Civ.P. 6(b) addresses enlargement of deadlines:

3           When by these rules or by a notice given thereunder . . . an act is required or
            allowed to be done at or within a specified time, the court for good cause shown may at
4           any time in its discretion (1) with or without motion or notice order the period enlarged
            if request therefor is made before the expiration of the period originally prescribed . . .,
5           or (2) upon motion made after the expiration of the specified period permit the act to be
            done where the failure to act was the result of excusable neglect . . .
6

7       Mr. Davis did not seek from this Court an extension to oppose summary judgment. As such, Mr.

8  Davis' papers, despite their label, are not properly before this Court to oppose summary judgment.

9       Moreover, Mr. Davis' fails to demonstrate excusable neglect to permit an extension to oppose

10 summary judgment.  An "extension of a time limitation must be 'for good cause shown.'" *Lujan v.*

11 *National Wildlife Federation*, 497 U.S. 871, 896, 110 S.Ct. 3177.  A postdeadline extension "is

12 permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan*,

13 497 U.S. at 896, 110 S.Ct. 3177.  After the time has run to respond, a court may permit a response

14 "where the failure to act was the result of excusable neglect." *McLaughlin v. City of LaGrange*, 662

15 F.2d 1385, 1387 (11th Cir. 1981) (citing F.R.Civ.P. 6(b)(2).

16      Excusable neglect under F.R.Civ.P. 6(b)(2) requires "a demonstration of good faith by the parties

17 seeking the enlargement . . . [and] a reasonable basis for not complying within the specified period."

18 *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974).  A solo

19 practitioner's "busy practice" and preparation of other cases does not establish excusable neglect under

20 F.R.Civ.P. 6(b)(2).  *McLaughlin*, 662 F.2d at 1387 (denial of request for additional time to oppose

21 summary judgment filed four days late "was not an abuse of discretion"); *see Marquee Television*

22 *Network v. Early*, 713 F.2d 837 (D.C. Cir. 1983) (sole practitioner's involvement in a criminal matter,

23 full teaching load and financial inability to secure assistance did not excuse failure to file brief, respond

24 to order to show cause or timely seek extension).  Lack of an acceptable explanation for failure to act

25 earlier warrants denial of F.R.Civ.P. 6(b) relief.  *See Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2nd

26 Cir. 1988) (court properly denied extension to object to magistrate judge's findings and

27 recommendations given counsel's knowledge of need to object and despite counsel's absence and

28 attention to other motions and proceedings).  Moreover, a counsel's "inattention or carelessness, such

1  as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute

2  'excusable neglect.'" *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005). "[I]nadvertence, ignorance

3  of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable neglect.'"

4  *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392, 113

5  S.Ct. 1489 (1993).

6          Mr. Davis' counsel does not attribute excusable neglect to failure to timely oppose summary

7  judgment.  Mr. Davis' counsel notes an eye condition but fails to demonstrate attempts to seek an

8  extension from defense counsel or this Court to oppose summary judgment.  Mr. Davis' appears to rely

9  on an expected agreement from defense counsel for an extension, which according to defense counsel,

10  was requested on the date Mr. Davis' opposition was due.  Nonetheless, the record reveals that Mr.

11  Davis' counsel had nearly a year to anticipate the Government's summary judgment motion in that the

12  Government filed its original, nearly identical summary judgment motion in May 2006.  Thereafter,

13  based on stipulations, several extensions were granted culminating in the Government's refiling of its

14  summary judgment motion on April 16, 2007.

15          Moreover, if this Court were to construe Mr. Davis' motions as proper under F.R.Civ.P. 59 or

16  60, Mr. Davis fails to demonstrate he has satisfied requirements for F.R.Civ.P. 59 or 60 relief.  Mr.

17  Davis makes no attempt to address the standards for such relief and merely attempts to oppose belatedly

18  the Government's summary judgment motion.

19                                     **CONCLUSION AND ORDER**

20          For the reasons discussed above, this Court DENIES Mr. Davis' motion to vacate summary

21  judgment.

22          IT IS SO ORDERED.

23  **Dated:    June 26, 2007**                          **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28